UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HARVEY E. TAYLOR #459587, ) | |
| ) | |
| Plaintiff, ) | No. 3:15-cv-00690 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| KATIE WESIS LADEFOGED, ) | |
| ) | |
| Defendant. ) | |

# M E M O R A N D U M

Plaintiff Harvey E. Taylor, proceeding *pro se* and *in forma pauperis*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action against his former attorney, Assistant Public Defender Katie Ladefoged, alleging that she coerced and/or tricked the plaintiff into accepting a plea agreement in Davidson County Criminal Court for rape. (Docket No. 1). As relief, the plaintiff seeks compensatory and punitive damages against attorney Ladefoged. (*Id*. at p. 18).

The plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.     Section 1983 Standard

Plaintiff Taylor seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327,

330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

IV.     **Analysis**

Although the plaintiff has framed his complaint against the defendants as a § 1983 civil rights action, the essence of his claims is an attack on the validity of his guilty plea in state criminal court and his current confinement. The complaint specifically alleges that the plaintiff should be compensated for the pain, suffering, emotional distress, and continued incarceration brought about by his former attorney's conduct. (Docket No. 1 at p. 17).

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where, as in this case, a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

Because the plaintiff here has not demonstrated that the conviction or sentence of which he complains has been invalidated, he cannot pursue a § 1983 claim for damages. Furthermore,

awarding the plaintiff relief on his allegations, all of which relate to the rape conviction for which he is currently serving a sentence of imprisonment, would necessarily undermine the validity of his current conviction and imprisonment. The plaintiff's claims concerning the validity of his continued confinement would be more appropriately brought in a separate petition for writ of *habeas corpus*.

In any event, the plaintiff's claims against the defendant assistant public defender who represented the plaintiff in underlying criminal proceedings fail because a public defender, in her role as criminal defense counsel, is not a person acting under color of state law who is subject to suit under § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceedings.").

**V.     Conclusion**

For the reasons explained above, the plaintiff's claims pertaining to the voluntariness of his guilty plea and his former attorney's representation are not appropriate for a § 1983 action. These claims therefore will be dismissed <u>without prejudice</u>, should the plaintiff wish to pursue them via the appropriate legal route.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge